UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL COTA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JOHN MALONE, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:21-CV-00329-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF Nos. 5, 6, 8, 11, 13] |

Before the Court are Plaintiff Michael Cota's ("Cota") application to proceed *in forma pauperis* (ECF No. 8), his second amended *pro se* civil rights complaint (ECF No. 6), his motion for a warrant (ECF No. 5), motion requesting correction of the Clerk's Error re: ECF No. 6 (ECF No. 11), and motion containing requests for admissions pursuant to Federal Rule of Civil Procedure 36. (ECF No. 13).  For the reasons stated below, the Court recommends that Cota's *in forma pauperis* application (ECF No. 8) be granted, his outstanding motions, (ECF Nos. 5, 11, 13), be denied as moot, and his second amended complaint, (ECF No. 6), be dismissed without prejudice and without leave to amend.

**I.    *IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the applications to proceed IFP reveals Cota cannot pay the filing fee; therefore, the Court recommends that the application (ECF No. 8) be granted.

**II.  SCREENING STANDARD**

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on

its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

## III.   SCREENING OF SECOND AMENDED COMPLAINT

In his second amended complaint ("SAC"), Cota sues Defendants John Malone, Thomas M. Gregory, Francisco Torres, Douglas County District Attorney, Douglas County Sheriff's Office, and John Enos under 42 U.S.C. § 1983. (*See* ECF No. 6.)[2] Cota alleges that the defendants concocted a plan to use Cota's juvenile record against him in violation of NRS 62H.030(2) in his underlying criminal cases. Cota claims that the use of his juvenile records, without a proper hearing and court order to open those

---

[2]   Although the Douglas County District Attorney is not listed in the caption of the SAC, this defendant was listed twice in the body of the SAC as a named defendant. (ECF No. 6 at 2-3.) By contrast, Defendants Matthew Johnson, Francisco Torres, and John Enos are listed in the caption of the SAC, but not in the body of the document. (*Compare* ECF No. 6 at 1, *with* ECF No. 6 at 2-3.) Therefore, the Court has listed all defendants identified in the caption and body of the SAC and screens this matter as to all defendants identified herein.

proceedings, violated his due process and equal protection rights. (*Id.*) Cota also alleges that these juvenile records were improperly utilized by the sentencing judge and Cota received consecutive sentences in the underlying criminal cases even though this was his first adult conviction. (*Id.*) Cota seeks monetary damages, attorney's fees and costs, and such further relief that the Court deems equitable and proper. (*Id.* at 10.)

      42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

      However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of *habeas corpus* proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of *habeas corpus*. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997);

*Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

It appears that Cota is challenging the constitutionality of his state court criminal convictions. Consequently, he must demonstrate that his conviction has been overturned to proceed in an action under § 1983. As he has not done so, his sole relief is a *habeas corpus* action. The Court, therefore, recommends that the SAC be dismissed without prejudice and without leave to amend.

To the extent Cota is asserting claims against the Douglas County District Attorney, this defendant is absolutely immune from suit under § 1983 as a state prosecutor. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976) (state prosecutors are absolutely immune from § 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process."). Moreover, Defendant Thomas Gregory, the sentencing judge in Cota's underlying criminal cases, is also absolutely immune from suit under § 1983. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts…. A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.").

Finally, in light of this Report and Recommendation, the Court also recommends that Cota's motion requesting a warrant (ECF No. 5), motion requesting correction of the Clerk's Error re: ECF No. 6 (ECF No. 11), and motion containing requests for admissions pursuant to Federal Rule of Civil Procedure 36 (ECF No. 13), be denied as moot.

**IV.   CONCLUSION**

For the reasons articulated above, the Court recommends that Cota's application to proceed *in forma pauperis* (ECF No. 8) be granted, and his second amended complaint

(ECF No. 6) be dismissed without prejudice and without leave to amend.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

V.   **RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Cota's application to proceed *in forma pauperis* (ECF No. 8) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that Cota's motion requesting a warrant, motion for correction of the Clerk's Error re: ECF No. 6 and motion containing requests for admissions pursuant to Federal Rule of Civil Procedure 36, (ECF Nos. 5, 11, 13), be **DENIED as moot**; and,

**IT IS FURTHER RECOMMENDED** that Cota's second amended complaint (ECF No. 6) be **DISMISSED WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND**.

**DATED**:  September 24, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**