UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| MICHAEL COTA, | Case No. 3:21-cv-00329-MMD-CLB |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JOHN MALONE, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Michael Cota, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), submitted a civil rights second amended complaint under 42 U.S.C. § 1983. (ECF No. 6 ("SAC").) Cota also submitted an application to proceed *in forma pauperis*. (ECF No. 8.) Before the Court is the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin. (ECF No. 14 ("R&R").) Judge Baldwin's R&R recommends that Cota's application to proceed *in forma pauperis* be granted, the SAC be dismissed without prejudice and without leave to amend, and Cota's pending motions (ECF Nos. 5, 11, 13) be denied as moot. Shortly after the R&R issued, Cota timely filed an objection to the R&R (ECF No. 17 ("Objection")) and filed additional motions (ECF Nos. 15, 18, 19). Because the Court agrees with Judge Baldwin—and as further explained below—the Court will overrule Cota's Objection, adopt the R&R in full, and deny the additional motions as moot.

**II.   BACKGROUND**

In the SAC, Cota names the following individuals as Defendants: John Malone, Thomas Gregory, Matthew Johnson, Francisco Torres, and John Enos. (ECF No. 6.)[1] Cota alleges that Defendants Malone, Gregory, and Johnson orchestrated a plan to use Cota's juvenile records against him in his underlying criminal cases, in violation on NRS

---

[1] The Court notes that the named Defendants were compiled from both the caption and the body of the SAC.

§ 62H.030(2). (*Id.* at 4.) In the relevant criminal cases against Cota, Malone was Cota's defense attorney, Gregory was the presiding state court judge, and Johnson was the district attorney. (*Id.* at 37.) Cota alleges that his due process and equal protection rights, and his right against cruel and unusual punishment, were violated when his juvenile records were used without a proper hearing and a court order. (*Id.* at 5-7.)

### III. LEGAL STANDARD

#### A. Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus *de novo* because Cota filed the Objection. (ECF No. 16.)

### IV. DISCUSSION

Following a *de novo* review of the R&R and other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's R&R in full.

Judge Baldwin recommends that this Court grant Cota's application to proceed *in forma pauperis*, that his pending motions be denied, and that the SAC be dismissed without prejudice and without leave to amend. (ECF No. 14.) In recommending the dismissal of this action, Judge Baldwin found that Cota appears to be challenging the constitutionality of his state court criminal convictions but had not demonstrated, pursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1998), that his conviction or sentence had been invalidated. (*Id.* at 5.) Additionally, Judge Baldwin found that Defendants Johnson and Gregory have absolute immunity from § 1983 cases, respectively as a state prosecutor and sentencing judge. (*Id.*)

In his Objection, Cota makes the following three arguments: (1) Judge Baldwin incorrectly names Defendants in the R&R; (2) Defendants Gregory and Johnson abused their authority; and (3) Defendant Johnson violated NRS § 62H.030(2) when he illegally

2

held onto Cota's juvenile records for years and then used them against Cota in his criminal case. However, the Court does not find these arguments convincing.

None of Cota's arguments address why the Court should not dismiss this action pursuant to *Heck*, 512 U.S. at 487. Nor does Cota argue or demonstrate his criminal conviction or sentence has been overturned for this action to proceed under § 1983. Because Cota appears to be challenging the constitutionality of his state court criminal convictions, the more proper federal remedy is a writ of *habeas corpus*, rather than a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson v. Thomas*, 528 F.3d 685, 692-93 (9th Cir. 2008). Moreover, Cota merely states that Defendants Gregory and Johnson abused their authority but offer no arguments or evidence as to why absolute immunity from § 1983 cases is not warranted for these Defendants in this instance. As such, the Court overrules Cota's Objection and will adopt the R&R in full.

**V.   CONCLUSION**

It is therefore ordered that Plaintiff Michael Cota's Objection (ECF No. 16) is overruled.

It is further ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 14) is accepted and adopted in full.

It is further ordered that Cota's application to proceed *in forma pauperis* (ECF No. 8) is granted.

It is further ordered that Cota's second amended complaint (ECF No. 6) is dismissed without prejudice and without leave to amend.

It is further ordered that Cota's pending motions (ECF Nos. 5, 11, 13, 15, 18, 19) are denied as moot.

DATED THIS 27th Day of January 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE